Margaret Fox et al., Individually and as Trustees under a Deed of Trust Made by Patrick Fox, Respondents, *v.* The City of New Rochelle, Appellant.

**Municipal corporations — trespass — municipality not liable for damage from increased discharge of surface water resulting from grading of streets, erection of buildings and improvement of private grounds — when error for trial court to limit amount of surface water, accumulated " on its paved streets and otherwise," to be discharged into a brook, to its natural flow before the pavement of streets and other improvements.**

1. A city has no control over the natural flow of surface water, nor is it liable for damage caused by the increased discharge of surface water which is the result of the grading of streets, the erection of buildings and the improvement of private grounds.

2. On findings of fact that plaintiffs' grantor had conveyed a right of way across his lands to defendant for sewer and drainage purposes; that the sewer provided for was constructed; that thereafter defendant constructed a culvert across the lands along a brook, without the consent of plaintiffs, to carry off surface waters and the waters of said brook and that the natural flow of said brook, as it existed at the time of the grant of right of way, was greatly increased by the accumulation by the defendant " on its paved streets and otherwise " of rain waters and discharging them into the bed of the brook, it was error for the trial court, in an action tried and determined on the question whether defendant had committed a trespass in constructing the culvert so that it should be compelled to remove it and not on the theory that defendant had collected surface water into a single channel and discharged it on plaintiffs' land, to limit the amount of surface water to be discharged into said brook to its natural flow as it existed on the date of the grant of the right of way before pavement of streets and other improvements prevented the absorption of some portion of such waters by the soil, and to hold that any increase of the flow of such surface waters constitutes an actionable injury.

*Fox* v. *City of New Rochelle*, 209 App. Div. 889, modified.

(Argued March 3, 1925; decided March 31, 1925.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 14, 1924, unanimously affirming

[240 N. Y. 109]  Opinion, per Pound, J.  [Mar.,

a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

*Charles A. Van Auken* for appellant. The judgment should be modified so as to eliminate any provision which limits the amount of water which might flow into the brook to the amount which ran into the brook on the 17th day of January, 1893. The city of New Rochelle is not liable for conditions caused by increased flow of water upon the property of an individual or individuals caused by the grading of its streets, paving of its gutters and the flagging of its sidewalks. (*Anchor Brewing Co.* v. *Dobbs Ferry,* 84 Hun, 274; 156 N. Y. 695; *Prime* v. *City of Yonkers,* 192 N. Y. 105; *Rutherford* v. *Village of Holly,* 105 N. Y. 632; *Lynch* v. *Mayer,* 76 N. Y. 60.)

*Albert Ritchie* for respondents. The judgment is right in restraining the defendant from discharging into the bed of the brook as restored any more water than the natural flow thereof. (*Noonan* v. *City of Albany,* 79 N. Y. 470; *Byrnes* v. *City of Cohoes,* 67 N. Y. 204; *Seifert* v. *City of Brooklyn,* 101 N. Y. 136; *Burnum* v. *Wheeler,* 35 Hun, 53; *Amsterdam Knitting Mills* v. *Dean,* 162 N. Y. 278; *Wright* v. *Syracuse, B. & N. Y. R. R. Co.,* 49 Hun, 535; 124 N. Y. 668; *McKee* v. *Delaware & Hudson Canal Co.,* 125 N. Y. 353; *Cott* v. *Lewinson R. R. Co.,* 36 N. Y. 214; *Murphy* v. *Curley,* 90 N. Y. 372; *Bryant* v. *Allen,* 54 App. Div. 500; *Hubbell* v. *Hendrickson,* 175 N. Y. 175; *Valentine* v. *Richards,* 126 N. Y. 272.)

Pound, J. This action was commenced in equity by the plaintiffs " to compel the city of New Rochelle to remove a certain ridge from plaintiffs' property; to restore the ground to the same condition in which it found it; to reconstruct the drain on plaintiffs' property so as to allow plaintiffs to use it as a sewer, and for such other and further relief as may be just."

The findings of fact in substance are that Patrick Fox,

plaintiffs' grantor, on January 17, 1893, conveyed a right of way across his lands for sewer and drainage purposes; that the sewer provided for was constructed; that in 1921 defendant constructed a culvert across the lands along Burling brook, without the consent of plaintiffs, to carry off surface waters and the waters of Burling brook; that the fee value of the property has been damaged thereby $10,000 and that the natural flow of Burling brook as it existed in 1893 was greatly increased by the accumulation by the defendant *on its paved streets and otherwise* of rain waters and discharging them into the bed of Burling brook, which is a natural watercourse crossing plaintiffs' property.

As conclusions of law the court found that plaintiffs are entitled to have the culvert removed and the original condition of the land restored. The judgment entered on the decision permits defendant to pay $10,000 and leave the culvert, otherwise to remove the same and restore the bed of so-called Burling brook to the condition that they (it) found the same in when the construction of the said drain was started. In addition thereto it was adjudged: " that they (it) discharge into the bed of said Burling Brook as it passes through the plaintiffs' property no more water than the natural flow of said brook as it existed on the 17th day of January, 1893, and that the defendant make provision for the waters accumulated and drained into the said brook by the defendant over its streets and pavements other than by discharging the same into the bed of Burling Brook as restored through the lands of the plaintiffs." To the latter provision this appeal is directed.

The case was tried and determined on the question whether the defendant had committed a trespass in constructing the culvert so that it should be compelled to remove it and not on the theory that defendant had collected surface water into a single channel and discharged it on plaintiffs' lands. The defendant had no

substantial defense. To meet the obvious suggestion that defendant could remove the culvert and leave Burling brook as an open drain across plaintiffs' lands and thus comply with the decision of the court, this collateral provision as to the flow of water was inserted in the judgment, it would seem, in order to thwart such action by limiting the amount of surface water which might be discharged into Burling brook to the natural flow of the brook as it existed when plaintiffs' grantor granted to the city a right of way for sewer purposes in 1893. Meanwhile streets had been paved and houses built and the volume of surface water which would actually reach the brook was thereby made greater than it had been in 1893 when the land in the drainage area would absorb some portion of the water. But the city had the right to discharge the natural surface drainage into the brook. This water was diverted to the culvert but it does not appear from the findings that the amount of the flow was thereby increased. The findings refer only to the increased flow of surface water due to " paved streets and otherwise," *i. e.,* in like manner. The city has no control over the natural flow of the surface water. Nor is it liable for damage caused by the discharge of surface water which is the result solely of the grading of streets, the erection of buildings and the improvement of private grounds. (*Rutherford* v. *Vil. of Holley,* 105 N. Y. 632; *Smith* v. *City of Auburn,* 88 App. Div. 396, 398; *Anchor Brewing Co.* v. *Vil. of Dobbs Ferry,* 84 Hun, 274; affd., on opinion below, 156 N. Y. 695.)

If, however, the city collects surface water into a single channel and casts it in a large and substantially increased volume on an adjacent owner so that the stream will be filled beyond its natural capacity and thereby causes the stream to overflow and flood his lands, the owner has a cause of action. (*Noonan* v. *City of Albany,* 79 N. Y. 470.) When such an issue is presented on the trial and resolved in favor of the owners, the city should be restrained

from such acts. But the ordinary flow of surface water will not be interfered with or limited to the natural flow as it existed before the pavement of streets and other improvements prevented the absorption of some portion of such waters by the soil.

It was error for the court below on the findings made by it to limit the amount of surface water to be discharged into Burling brook to the natural flow of the brook as it existed on January 17, 1893, and to hold that any increase of the flow of such surface waters constitutes an actionable injury.

The judgment appealed from should be modified by striking out as much thereof as limits the discharge of surface water into Burling brook to the natural flow of the brook as it existed on the 17th day of January, 1893, and requires the city to make provision for the excess, and as so modified affirmed, with costs to appellant.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.