EMMA M. WHITE, Respondent, v. DAVID D. WHITE, Appellant. DAVID DUDLEY WHITE, Appellant, v. EMMA M. WHITE, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

FRANK CONSIGLIO, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 22243.) —Appeal from a judgment of the Court of Claims awarding the claimant a judgment of $150 against the defendant. The claim is for the destruction of crops, trees and damages to land, stone steps and wall owned by the claimant, from June 15, 1931, to September 15, 1931, due to the flow of water from a culvert constructed on a State highway, by reason of the alleged negligent construction and maintenance thereof by the State. The court found that the State constructed the culvert in question in front of claimant's property under a highway and that water was collected into said culvert and cast upon claimant's property causing the claimant damage, and that during the six months prior to the filing of said claim certain steps, walls, crops and land of claimant were damaged by said waters in the amount of $150. The last item of damage appearing in the proof is September 15, 1931, that being the date to which damages are asserted by the claim filed herein. The first filing of any claim or notice of intention to file claim was with the Department of Law, March 8, 1932, with the Department of Public Works March 9, 1932, and with the Court of Claims April 25, 1932. The appellant asserts that the claim was not filed in time. Section 12-a of the Court of Claims Act* provides that no action shall be maintained against the State for damages or injuries caused by the misfeasance or the negligence of the officers or employees of the State or for torts of the State unless a written claim or a written notice of intention to file a claim shall be served upon the Attorney-General and the Superintendent of Public Works within sixty days after the alleged injury occurred. The claim or notice of intention to file claim was not filed until more than sixty days after the last item of damage claimed or proven. Judgment reversed and claim dismissed on the law, without costs. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

THE FARMERS NATIONAL BANK OF HUDSON, Respondent, v. HAROLD A. BRYANT and Another, Appellants.—Appeal from order and judgment entered thereon dismissing the counterclaim, striking out the answer and granting plaintiff judgment on the pleadings. The action is on a promissory note for $1,645 which was a renewal of previous notes of smaller denominations. The defendants had executed and delivered to plaintiff a mortgage on real estate as continuing collateral security for $6,300 of indebtedness at any one time. The answer alleged as a defense and counterclaim that the plaintiff had induced defendants to sign the mortgage " after representing that the said mortgage was to be either liquidated, sold, or returned to the defendants before any action was taken upon any notes held by the plaintiff bank, which had been made by the defendants," which representation was false and fraudulent and that by reason thereof defendants' credit had been injured in excess of $10,000. Order and judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

* Since amd. by Laws of 1936, chap. 775.— [REP.