ELLA S. McCUTCHEN and Others, Plaintiffs, *v.* THE VILLAGE OF
PEEKSKILL, Defendant.

Supreme Court, Special Term, Westchester County, February 23, 1938.

*Edward J. Wilson,* for the plaintiffs.

*Salvatore T. Gambino,* for the defendant.

NOLAN, J. These actions are brought to recover damages sustained by reason of the flooding of plaintiffs' premises in the village of Peekskill by the waters of McGregory brook, a natural stream running through the village, into which the defendant drained surface waters by means of sewers from an area conceded to be less than the natural drainage area of the brook. In 1905 the defendant, pursuant to a recorded agreement with plaintiffs' predecessors in ownership of the property damaged, constructed over part of the brook adjacent to plaintiffs' property a cover, upon which was constructed a public highway, the agreement providing, among other provisions, that " in making the improvement, the Village of Peekskill assumes no control over said brook, or responsibility for its flow or overflow, other than now exists, or have attached under the laws of the State of New York." By this agreement, plaintiffs' predecessors in title expressly granted to defendant the right to make the improvement, and it was agreed that the same should be made in accordance with plans and specifications on file, and that the grade of the street to be constructed should be fixed and should remain permanent. In the making of the improvement the flow of the brook was not obstructed by any structure placed in its bed, nor was its course in any way altered. Thereafter additional surface water sewers were constructed, the contents of which discharged into the brook, and a viaduct was constructed by the State, the surface waters of which were also drained into the brook. A deposit of silt, the origin or cause of

which does not appear in the testimony, accumulated in the brook bed beneath the covering constructed by the defendant, adjoining plaintiffs' property. During heavy rains, and in particular on the occasions complained of, when the rain was unusually heavy, the capacity of the brook adjoining plaintiffs' premises was insufficient to carry off the surface waters draining into it, and, as a result thereof, the brook overflowed and damaged plaintiffs' property.

The defendant may not be held liable for a mere overflow of the brook in the absence of conditions enjoining some duty with respect thereto, and ordinarily no duty would be cast upon defendant to restrain the waters of the brook between its banks, nor was there any duty on the part of the defendant to keep the brook free from obstruction not of its own causing. (*O'Donnell* v. *City of Syracuse*, 184 N. Y. 1; *Seaman* v. *Mayor of New York*, 80 id. 239; *Coonley* v. *City of Albany*, 132 id. 145.)

The defendant may not be held liable for damage caused by the discharge of surface water which is the result solely of grading streets and highways pursuant to legislative authority. (*Prime* v. *City of Yonkers*, 192 N. Y. 105.) Liability may not be predicated upon failure to provide adequate sewers to carry off the surface water naturally draining into the brook or for failure to build additional sewers, for in determining what drainage sewer system was necessary or adequate, the defendant acted in a governmental capacity and may not be held liable for non-performance or error in judgment. (*O'Donnell* v. *City of Syracuse, supra.*)

The defendant had the right to drain its surface water into the brook as an incident to its riparian ownership. No claim was made on the trial that the structure over the brook was not constructed in accordance with the agreement between the defendant and plaintiffs' predecessors in title. The liability of the village, if liability exists, must be predicated on the rule that the right of a riparian owner to drain surface water on his lands into a stream which is the natural outlet for such surface waters is not an absolute right, under all circumstances, irrespective of the size of the stream, to throw into it surface water by means of ditches or drains, when by so doing it will be filled beyond its natural capacity, and overflow and flood the lands of a lower proprietor. (*Noonan* v. *City of Albany*, 79 N. Y. 470; *Byrnes* v. *City of Cohoes*, 67 id. 204; *Lumley* v. *Village of Hamburg*, 181 App. Div. 441.) Under the rule laid down in those cases, if the defendant, by the construction of its sewers, draining into the brook, so increased the volume of surface water draining into it, or so increased the run-off factor of such drainage as to overtax the capacity of the brook, causing it to overflow, damaging plaintiffs' property, the defendant may be

held liable. The evidence in the instant case does not disclose with reasonable certainty that such was the case. It is not disputed that the brook overflowed, but no evidence was presented sufficient to sustain the conclusion that the overflow was caused by the increased run-off factor of the drainage, occasioned by the construction of sewers, and that an overflow would not in any event have occurred in times of heavy rain by reason of natural drainage, or drainage the run-off factor of which had been increased by the grading of streets and the erection of structures on private property. (See *Fox* v. *City of New Rochelle*, 240 N. Y. 109.) The mere facts that the village collected water in a single channel, and that the brook overflowed its banks, are not sufficient to impose liability on the village. The relation of cause and effect must be established. The burden is on the plaintiffs to establish that the flooding was caused by the construction of artificial channels. (*Cashin* v. *City of New Rochelle*, 256 N. Y. 190.)

Plaintiffs' complaint must be dismissed in each action, but since proof may be available to plaintiffs as to the extent of the increased run-off factor of the drainage, caused by the sewers maintained by the defendant, the dismissal is without prejudice. Defendant's motion for judgment is granted, and judgment directed accordingly, but without prejudice.