GEORGE A. LOGAN, Respondent, *v.* THE STATE OF NEW YORK, Appellant.*

(Claim No. 24407.)

Third Department, June 22, 1938.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden, James H. Glavin, Jr.,* and *Burns F. Barford, Assistant Attorneys-General,* of counsel], for the appellant.

*Ryder & Donohoe [John P. Donohoe* of counsel], for the respondent.

RHODES, J. Judgment has been awarded claimant for damages to his property by flooding caused by an inadequate culvert in a State highway.

---

* Affg. 162 Misc. 793.

At the time in question plaintiff was engaged as a monument dealer, his place of business being on the west side of a State highway known as the Cold Spring cutoff in the village of Nelsonville, town of Phillipstown, Putnam county, N. Y. At that point the highway in question runs substantially north and south and a short distance north of plaintiff's premises the highway crosses a stream known as Foundry brook which, coming from the northeast, flows southwesterly to the rear of and west of claimant's premises. These premises are in the form of an irregular triangle with the apex formed by the intersection of the stream and the road. The highway passed over the brook by a bridge or a culvert about thirty-five feet long, measuring from the east side to the west side of the road. Its opening on the upstream side was five or five and one-half feet wide and five or six feet high; the opening on the downstream side being seven feet wide and five or six feet high. In the channel of the culvert was a large boulder and some loose, rough stones.

The highway in question was originally a gravel road, but in 1935 the State took over its maintenance by official order which expressly included the culvert in question, and paved it. The region is mountainous and in times of freshet and high water, before the road was paved, the water would flow over and across the top of the road, cutting a fissure or channel in the earth and gravel surface, through which fissure or channel the flood waters ran, returning to the channel of the stream on the downstream side. The placing of the hard surface on the highway prevented the flood waters from cutting a channel across the road in flood time, and on March 12, 1936, when a severe flood occurred, the culvert was inadequate and the flood waters overflowing the highway followed the course of the road southerly, flooding claimant's premises and causing the damages complained of.

At the time when the road was being paved by the State, claimant had notified the engineer in charge representing the State that the culvert was inadequate, but no change was made therein, the engineer stating that the State did not have money enough to put in a bridge at that time; that it would have to wait for after consideration, and improvement thereof was reserved for further study.

For the State it is argued that the damages resulted because of a defect in the highway and that under the provisions of section 176█ of the Highway Law the State is only liable for damages from defects in a State highway between the first day of May and the fifteenth day of November.

By section 12-a of the Court of Claims Act the State waives its immunity from liability for the torts of its officers and employees.

While the damages were caused by a defect in the highway they were also the result of the negligence of the State's officers and employees, and liability therefor results to the State under section 12-a. (*Miller* v. *State of New York*, 231 App. Div. 366; *Floss* v. *State of New York*, 240 id. 944; *Ross* v. *State of New York*, 265 N. Y. 632; *Doulin* v. *State of New York*, 277 id. 558; *Hinds* v. *State of New York*, 264 id. 525.)

In the opinion of the court below it was suggested that the decision in *Consiglio* v. *State of New York* (247 App. Div. 832) may be at variance with the holding in the above cited cases. The *Consiglio* case merely decided that the claim was barred because of failure to file within the time fixed by section 12-a of the Court of Claims Act as it existed before the amendments to the act by chapter 775 of the Laws of 1936.

The judgment should be affirmed, with costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.