ANNA B. FARRAR, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25845.)

Court of Claims, July 3, 1941.

*Ferris, Burgess, Hughes & Dorrance* [*Robert Groben* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*John M. Dooley* and *John A. Lynch, Assistant Attorneys-General,* of counsel], for the defendant.

RYAN, J. Claimant sues the State of New York in tort to recover damages inflicted on her property by the waters of the Mohawk river in flood in April, 1940. Claimant owns a lot 200 feet deep. fronting 120 feet on State Highway No. 5547, or Route 12-C, near Whitesboro, Oneida county. The lot is improved with a dwelling house built in 1925 and occupied by the claimant since

1938 when she acquired the property. At this location the highway and the river are substantially parallel in a northerly and southerly direction, the river flowing to the south and its east bank being about thirty feet west of the center line of the highway. Claimant's property lies east of the highway.

The Mohawk overflows its banks in flood season and has since that time when the memory of man runneth not to the contrary. Witnesses who had been familiar with the situs of claimant's property, one of them for sixty years, testified that in times of high water those lands were submerged. At a point within a few feet of claimant's southerly line the river had made for itself a flood channel. In 1919 the State constructed highway No. 5547 at an elevation four feet above an old town highway, the surface of which had been somewhat lower than the river bank, making the present highway about three feet higher than the river bank. Taking advantage of the natural outlet for flood waters the State constructed under the new highway dual culverts with openings five by five feet at the point where the flood channel existed. The water does not go over the new highway as frequently as it flowed over the old one and when it does go over the road, the depth of water is not as great as over the old road, naturally.

When claimant's house was constructed in 1925 it was within fourteen feet of the flood channel and the lot was filled and graded to meet the elevation of the highway built in 1919. In 1934 State employees dammed up both sides of the culvert near claimant's property but the first flood washed out the dam. In 1939 claimant requested the State district engineer to dam up the culvert again. He refused, and he now asserts on this trial that to dam the culvert would defeat its purpose, which is to relieve the river when it rises. Engineers testified that the culverts were properly built and should be left open as necessary to the plan.

To recover here, claimant has the burden of showing that her injury was due to the negligence of the State's employees. It seems to be claimant's theory of the case that the State should dam up the culvert even if the result would be that the Mohawk, when in flood, would flow over the highway and thus onto claimant's property. It is argued that the velocity of the water is increased and its erosive effect enlarged by going through the culvert and channel.

We are unable to find in the record facts which would support a finding of negligence. What the State did here was to utilize a natural flood channel. Once when this was dammed up the river broke through again at the same place. The claimant argues that the State was negligent in not building a dam which would have held.

Had it done so the effect elsewhere would be unpredictable and might be more disastrous.

In particular three cases are relied on by the claimant but we do not see their applicability. Here there was no gathering of surface waters and casting them upon claimant's premises as in *Noonan* v. *City of Albany* (79 N. Y. 470); no altering of the bed of the stream so as to amount to a virtual appropriation of claimant's lands as in *Weismantle* v. *State of New York* (210 App. Div. 608), and no failure to provide an adequate culvert as in *Logan* v. *State of New York* (162 Misc. 793; affd., 254 App. Div. 410). In constructing and maintaining the highway and culverts, the State, its officers and employees, exercised reasonable care. Without negligence there is no liability. The claim must be dismissed.

FITZSIMMONS, J., concurs.