MILES H. MCCORMICK, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 25565.) — Judgment reversed on the law and facts, with costs, and claim dismissed. Certain findings of fact disapproved and reversed. Memorandum: The finding that the water was diverted from its natural course is not sustained by the evidence. Apparently the diversion found is based upon the fact that the angle of the culvert was slightly changed and that the grade of the floor of the culvert was greater than in the case of the old bridge. However, it discharged the water in about the center of the old gully and that was the natural course. Moreover, this was an unprecedented and heavy rainfall. It would be highly speculative to determine that the increased flooding of claimant's premises was due to the construction of the culvert rather than to the excessive rainfall. The State is not liable for an increased flow of surface waters due to the improvement of its highways and culverts so long as the flow of water was not diverted from its natural course. (*Cashin* v. *City of New Rochelle*, 256 N. Y. 190; *Anchor Brewing Co.* v. *Dobbs Ferry*, 84 Hun, 274; affd., 156 N. Y. 695; *Bennett* v. *Cupina*, 253 id. 436; *Fox* v. *City of New Rochelle*, 240 id. 109; *Prime* v. *City*

*of Yonkers*, 192 id. 105.) All concur, except Cunningham and Harris, JJ., who dissent and vote for affirmance. (The judgment is for claimant on a claim for damages sustained by the negligent flooding of land.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.