Charles A. Bennett, as Executor of Harry Fijas, Deceased, Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim No. 30929.) — Judgment insofar as it denies damages as to Lot No. 78 affirmed; judgment insofar as it awards damages as to Lot No. 77 reversed on the law and facts and claim dismissed, without costs of these appeals to either party. Certain findings of fact disapproved and reversed and new findings made. Memorandum: We agree with the Court of Claims that the damages sustained by the claimant to Subdivision Lot 78 are *damnum absque injuria.* The damages were by reason of a change in the grade of part of the right of way of Genesee Street. Genesee Street was not closed. There remained fifteen feet of the right of way at the former grade, giving access to Lot No. 78. Damages for change of grade are recoverable only where a statute gives the remedy. This property was located in a town and there was no enabling statute. As to Subdivision Lot 77 which abutted upon Genesee Street at the north end and on Pinehurst Avenue on the east side, an award was made on the ground that claimant had been deprived of access to and from Genesee Street on the north. The only way the situation as between these two lots may be differentiated is by applying the so-called "ancient street" doctrine to Lot No. 77. Although it appears that in a proper case that doctrine might be invoked by the owner of Lot No. 77, we think it has no application to the facts presented here. Whatever rights such owner might have in Pinehurst Avenue under the said doctrine would not extend to Genesee Street which was a public highway before the common grantor laid out his subdivision and dedicated Pinehurst Avenue as a public way. There was no change of grade, no closing or any other alteration of Pinehurst Avenue which in any way caused damage to the claimant. The original common grantor had no rights in and to Genesee Street of greater extent than the rights of any other abutting owner on Genesee Street and could not, by grant, give to a grantee greater rights than he had himself. The "ancient street" doctrine would only apply to lands and streets therein encompassed within the boundaries of the subdivision. The sub-

division was bounded on the north by Genesee Street and no part of the latter street was ever a part thereof. We are not therefore called upon to define the claimant's rights under the doctrine nor are we required to construe section 347 (subd. 14) of the Highway Law. The damage to Lot No. 77 as well as to Lot No. 78 was occasioned solely by the elevation of part of the roadway of Genesee Street and was likewise *damnum absque injuria*. The award of damages to Lot No. 77 must be reversed and the claim dismissed. We feel that the result is harsh and is discriminating as to property located in a town. The remedy lies with the Legislature. All concur. (Cross appeals from a judgment for claimant as to one lot but disallowing the claim as to the other lot, on a claim for damages resulting from construction on the Ontario Thruway Project in the town of Cheektowaga.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.