ISADORE RAYMOND, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant.

Fourth Department, May 24, 1956.

---

*William D. Johnson* for appellant-respondent.

*Louis J. Lefkowitz, Attorney-General (John R. Davison* and *Jean R. McCoy* of counsel), for respondent-appellant.

*Per Curiam.* Claimant has been awarded the sum of $15,000 as the result of the reconstruction by the State of Thompson Road near its intersection with James Street in the town of De Witt in Onondaga County. The claim did not allege that any of claimant's land had been appropriated. The taking of . additional land was raised upon the trial and after considerable discussion claimant's motion was granted to amend his claim to allege that recovery was sought of the value " of property appropriated and legal damages resulting from the appropriation of the claimant's property or easement, interest, or right therein " made by the State " by enlarging and increasing the grade and otherwise altering said roadway by work commencing on or about May 9th, 1950."

It appears that in 1943 the State acquired from claimant's predecessor in title " a perpetual easement for the purpose of constructing, reconstructing and maintaining thereon a highway ". At this time Thompson Road was widened and reconstructed as an access road to a nearby airbase. The then owner was paid for the easement which for the stated purpose placed a burden upon some 900 feet of frontage on Thompson Road and consisted of a parcel containing approximately 0.951 acre of land.

In 1950 Thompson Road was again rebuilt. In altering the approach to a nearby viaduct crossing certain railroad tracks the elevation of the road in front of claimant's property was changed from a substantially level grade to an elevation of the road to a height of nine feet on claimant's southerly boundary and gradually descending on a 5% grade to 1.7 feet elevation at the northerly boundary.

Although, as heretofore stated, there was some confusion at the trial we understand the findings of the trial court to be that no additional land of claimant was taken or used by way of easement or otherwise, in connection with the work done in 1950. Thus, the trial court in passing upon the proposed findings of the State found certain facts, as heretofore set forth, in regard to the 1943 easement and then found the specific fact that " All subsequent work performed was within the limits of the area so depicted and described by said [1943] map and description and was for highway purposes."

The trial court further found in its memorandum decision. that in 1943 the State acquired a perpetual easement over the

lands of plaintiff's predecessor in title. It further found that a sheet from the contract plans prepared by the State and filed by unknown parties in the office of the Onondaga County Clerk on May 15, 1943 showed, among other things, a profile of the proposed road to be then constructed at substantially level grade in front of the property of claimant's predecessor in title. Recognition was given to the long-established rule that damages sustained by an abutting owner on a highway by a change of grade are not recoverable (*Radcliff's Executors* v. *Mayor of Brooklyn,* 4 N. Y. 195, 203) in the absence of express statutory authority conferring the right to compensation (cf. Second Class Cities Law, § 99; Village Law, § 159). The general rule was then laid down that '' Where the State changes the grade of the highway and usurps more lands, rights, privileges or interest therein than those it has previously acquired, then it is liable to the owner and must make compensation therefor.'' Elsewhere in its decision the court narrows this finding by the statement that in 1950 the State took an additional easement '' by increasing the elevation of the road.''

We find in this record no proof that in 1950 the State took any action except to change the grade of Thompson Road. It had previously taken by due process of law a perpetual easement over a portion of the lands of claimant's predecessor in title '' for the purpose of constructing, reconstructing and maintaining thereon a highway.'' The State having acquired this right any damage sustained by claimant as a result of the change of grade in 1950 was *damnum absque injuria* and absent an enabling statute the claimant was without remedy. (*Bennett* v. *State of New York,* 284 App. Div. 828.) We repeat what we said in that decision: '' the result is harsh and is discriminating as to property located in a town. The remedy lies with the Legislature.''

The judgment appealed from should be reversed and the claim dismissed.

All concur. Present — McCURN, P. J., VAUGHAN, WILLIAMS, BASTOW and GOLDMAN, JJ.

Judgment reversed on the law and facts, without costs of these appeals to either party, and claim dismissed. Certain findings of fact and conclusions of law disapproved and reversed and new findings made.