Bernard Ryan, P. J.
The Attorney-General moves to dismiss this claim on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action against the State of New York and for such other and *931 further relief as to this court may seem just and proper. For the purposes of the motion the allegations of the pleading are accepted as established facts. Because the pleading includes by reference certain appropriation maps which are attached thereto information gleaned from an examination of the said maps is likewise considered.
Claimants are the owners of subdivision lots 164 and 165 of the Farmington Subdivision in the town of West Seneca, County of Erie. The lots are contiguous and are known as 9 Lennox Street. The dwelling thereon is occupied by claimants. Lennox Street runs east and west and prior to the appropriation hereinafter mentioned it was intersected by Ashmond Road running north and south. Between the easterly boundary of Ashmond Road and the westerly boundary of claimants’ tract there existed a subdivision lot owned by one Jacob Smolinski. This was appropriated by the State of New York by appropriation Map No. 61, Parcel No. 61.
Immediately to the east of the property owned by these claimants was a subdivision lot owned by the County of Erie. This parcel was appropriated by the State of New York by Map No. 62, Parcel No. 62. The purpose of the appropriations by the State of New York was to raise the grade of Ashmond Road and to relocate it from a point some distance north of Lennox Street and to extend the relocated road across Lennox Street and beyond it to the south. In the relocation the parcel acquired from the County of Erie was utilized. After construction by the State these claimants no longer had access to and from their property along Lennox Street in a westerly direction. However, they had access to and from their property along Lennox Street in an easterly direction, thence southerly, or northerly, over Ashmond Road in its new location. It is conceded that no mite or morsel of claimants’ land has been appropriated. There has been no change of grade in Lennox Street. The former Ashmond Road has been elevated and Lennox Street has been dead-ended on the property appropriated from Smolinski.
This is a street closing case and claimants’ damages are damnum, absque injuria. (Bennett v. State of New York, 284 App. Div. 828; Raymond v. State of New York, 4 A D 2d 62.) Claimants’ counsel calls our attention to subdivision 14 of section 347 of the Highway Law and suggests that because the Fourth Department, in the Bennett case, stated Per Curiam “ nor are we required to construe section 347 (subd. 14) of the Highway Law” the law applicable to this situation has not been settled.
*932 We believe the applicable authorities are found in the many decisions by this court and by the appellate courts made under the provisions of the Railroad Grade Crossing Elimination Acts. Unfortunately these many reported decisions are not annotated in McKinney’s Consolidated Laws in the Highway Law under section 30 nor under section 347. But as they are to be found in the Unconsolidated Laws under section 7906 (L. 1928, ch. 678, § 6) citations will not be repeated here.
We do, however, call attention to the language used in the several statutes. The first sentence of section 6 of the Grade Crossing Elimination Act reads: “If the work of such elimination causes damage to property not acquired as above provided, the State shall be liable therefor in the first instance, but this provision shall not be deemed to create any liability not already existing in law.”
When, at a later date, the Legislature enacted subdivision 14 of section 347 of the Highway Law and when, also at a later date, it amended section 30 of the Highway Law it used similar language but in each instance was more specific in its restriction, saying: ‘ ‘ but this provision shall not be deemed to create any liability not already existing by statute. ’ ’
Subdivision 14 of section 347 of the Highway Law governs certain situations which arise in claims arising out of right of way procurement and construction of the Thruway. Whether or not it has been previously construed, we construe it now as creating no liability upon the facts alleged in the pleading under consideration.
The motion is granted. Enter order accordingly.