■ In the Matter of the Estate of MARY POLUBATKO, Deceased. WOLF, POPPER, ROSS, WOLF & JONES et al., Respondents; ARTHUR LEVITT, as Comptroller of the State of New York, Appellant.— Appeal unanimously dismissed, without costs as academic. (Appeal by Comptroller from order of Monroe Surrogate's Court denying motion to vacate a decree entered December 5, 1961.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.

■ JAMES NASH et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 38503.) — Judgment unanimously affirmed, without costs of this appeal to either party. Memorandum: While an abutting owner may not be deprived without compensation from all access to a highway (Egerer v. New York Cent. & H. R. R. R. Co., 130 N. Y. 108, 112) what may be a suitable means of access is a question of fact and mere inconvenience does not stamp such access as unsuitable (Holmes v. State of New York, 279 App. Div. 489, 491). Concededly, claimants present means of access is less convenient than before the construction of the elevated highway in front of their premises but the finding of the trial court on the issue is not contrary to the evidence. The complaints of claimants largely center upon conditions during the Winter months when snow accumulates on the access road. It is not clear from the record whether the legal responsibility for the plowing or removal of the snow from this access road is upon the municipality or the abutting owners. In any event the claim herein is not based on the failure of the State to remove the snow. We recognize the inequities presented in claims, such as this one, based on a change of grade of a highway and have written " that the result is harsh and is discriminating as to property located in a town [but] [t]he remedy lies with the Legislature." (Bennett v. State of New York, 284 App. Div. 828, 829; Raymond v. State of New York, 4 A D 2d 62, 64, affd. 4 N Y 2d 961.) (Appeal from judgment of the Court of Claims dismissing the claim for easement damage, upon the merits.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ EDWARD D. GULCZYNSKI, Respondent, v. HARRY P. KIRST, Appellant, et al., Defendants.— Order unanimously reversed, without costs of this appeal to any party, and motion granted, without costs. Memorandum: It now appears that the liens were vacated for failure to file notices of pendency. It also appears that the plaintiff may have a cause of action in contract that is not alleged in the complaint. However, the liens were vacated after these motions were submitted to Special Term and therefore the Special Term Justice had no opportunity to consider this phase of these matters. This dismissal is without prejudice to bringing any other cause of action that plaintiff may have against the defendant. (Appeal from an order of Erie Special Term denying motion to dismiss complaint.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ EDWARD D. GULCZYNSKI, Respondent, v. HARRY P. KIRST, Appellant, et al., Defendants.— Order insofar as appealed from unanimously reversed, without costs of this appeal to any party and motion granted, without costs. Same memorandum as filed in companion case of Gulczynski v. Kirst (21 A D 2d 756). (Appeal from part of order of Erie Special Term which denied motion to dismiss complaint.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.