### (March 11, 1969)

MILDRED MOREY, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 34888.) — *Per Curiam*. Appeal from a judgment in favor of claimant entered February 11, 1966, upon a decision of the Court of Claims. Claimant has been awarded the sum of $3,500 for consequential damages as a result of a *de facto* appropriation of claimant's land. It is conceded that no part of the real property owned by the claimant was appropriated. Claimant's property is located on the northerly side of Route 17B near White Lake in the Town of Bethel, Sullivan County. In August of 1957 the appellant commenced work improving the highway directly in front of claimant's property which precipitated the filing of a claim on September 6, 1957 for negligence and damages by reason of the reconstruction of Route 17B in raising the grade of the road, and piling dirt from the highway to the existing driveway to bridge the gap in elevation caused by the change in grade, and causing water and dirt to flow from the reconstructed highway onto claimant's property and into the cellar of the building thereon. On September 28, 1957 the claimant entered into an agreement with the State requesting "the state to re-establish the entrance or approach of the driveway to be adjusted to the new highway grade at the expense of the state." The agreement further released the State from any and all claims for damages in connection with the re-establishment of the driveway after the completion of such adjustment work, and further provided that the release did not include claimant's pending claim which was reserved. (See Highway Law, § 54-a.) The Court of Claims found that because of the manner of reconstruction of the driveway, the State has *de facto* appropriated the claimant's land with resulting or consequential damage thereto, and that the driveway was reconstructed to give it a sharp pitch downward alongside the house with the result that rain water not only ran down from the roadway, but was firstly directed against the house. The court further found that the State installed a catch basin southeasterly from claimant's premises, and that waters were discharged upon the premises as a result of the construction and placement of the catch basin. There is no evidence in the record to support the findings that the construction of the catch basin and driveway were negligently or improperly constructed with the exception of claimant's Exhibit 7 which was a photograph of the driveway, and apparently relied upon by the trial court. This exhibit is not sufficient alone to warrant the findings of the court. There is further no evidence of any channeling of surface water upon claimant's property, and both claimant and her son testified that the water that they complained about came down the highway and across the driveway. The testimony of all of claimant's witnesses indicates that the prime cause of the increased flow of water upon claimant's property was the change in grade of the highway and the driveway. The State is not liable for damages for change of grade unless a specific statute permits such recovery (*Raymond* v. *State of New York*, 4 A D 2d 62, affd. 4 N Y 2d 961; *Bennett* v. *State of New York*, 284 App. Div. 828), even though such change results in increased flow of surface water on adjoining property provided no artificial channeling promotes and directs such flow. (*Bennett* v. *Cupina*, 253 N. Y. 436; *Fox* v. *City of New Rochelle*, 240 N. Y. 109; *Rutherford* v. *Village of Holley*, 105 N. Y. 632; *cf. Kerhonkson Lodge* v. *State of New York*, 4 A D 2d 575.) In sum the claim is internally inconsistent and, indeed, defective. It alleges (a) an actual appropriation (b) of land in claimant's ownership, but there was no proof or any finding of these elements and on appeal there is no substantial contention by appellant in respect of either. Additionally, the claim alleges negligence resulting in water and dirt being deposited on claimant's property, but there is no allegation, and there

was no proof, that the flow was artificially channeled thereto or that it flowed in any fashion other than naturally; and thus no actionable damage has been demonstrated. (*Kossoff* v. *Rathgeb-Walsh*, 3 N Y 2d 583; *Alley* v. *State of New York*, 28 A D 2d 1147, mot. for lv. to app. den. 21 N Y 2d 642.) In fact, the weight of the evidence is that water came onto the property because of the slope of the driveway constructed *after* the claim was filed. Upon the proof, the trial court did not, and could not find the actual 10 by 15-foot taking alleged nor any negligent change of grade construction; but it did find that the State's construction of the driveway (*not* found to have been negligent) had the effect of a *de facto* appropriation, a theory neither pleaded nor proved and one having no basis whatsoever in the rationale of *Kossoff* (*supra*), cited by the court in support of this determination. The deficiencies in the claim and in the proof require reversal but no useful purpose would be served by a retrial, in the light of this record and of the provisions of section 54-a of the Highway Law, immunizing the State from liability in any event, once claimant has invoked its provisions. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam*; Cooke, J., dissents and votes to reverse and direct a new trial, in the following memorandum. Cooke, J. (dissenting). The public authority has no right to collect surface water into an artificial channel, conduct it to a given point and discharge it in a large and substantially increased volume upon another's premises without liability for the resulting damage (*Tremblay* v. *Harmony Mills*, 171 N. Y. 598, 601; *Noonan* v. *City of Albany*, 79 N. Y. 470, 476; *Laduca* v. *Draves*, 145 App. Div. 159, 162; *Foster* v. *Webster*, 8 Misc 2d 61, 66; *Gibson* v. *State of New York*, 187 Misc. 931, 940; *Mennito* v. *Town of Wayland*, 56 N. Y. S. 2d 654, 669); and the incorporation of an inadequate culvert or catch basin into a highway, so that it interferes with water which previously flowed across or along the highway in a natural channel and causes flooding upon adjoining land, constitutes an act of negligence rendering the public authority liable for damages (*Bowman* v. *Town of Chenango*, 227 N. Y. 459; *Kerhonkson Lodge* v. *State of New York*, 4 A D 2d 575, 578; *Inkawhich* v. *State of New York*, 22 N. Y. S. 2d 761, 763; *Logan* v. *State of New York*, 162 Misc. 793, 796, 797, affd. 254 App. Div. 410; *Christman* v. *State of New York*, 189 Misc. 383, 387; *Timerson* v. *State of New York*, 145 Misc. 613, 617; 26 N. Y. Jur., Highways, Streets and Bridges, § 210). The claim, filed September 9, 1957, is broad, stating that it is, among other things, "for negligence and damages to claimant's property in reconstruction of Route 17B, Fosterdale-Mongaup Valley H. S. 986 * * * in causing water and dirt to flow from the reconstructed highway on to claimant's property and into the cellar of the front building thereon and failing to protect claimant's property from the flow of water and dirt on her property." The undisputed proof, including a photo exhibit, showed the installation of a ditch running within the bounds of the highway and leading up to a catch basin, which was inadequate to handle the water during certain times of the year, so that on different instances a substantial flow of water was cast upon claimant's premises. There was also proof indicating the reestablishment of a driveway by the State, running parallel and close to the foundation of the main building on claimant's premises, which together with the existing foundation, which extended into the highway, formed a channel running from the State's lands and continuing into claimant's premises, and into which channel water from the catch basin and other water came onto claimant's property and into her cellar. The provision in section 54-a of the Highway Law that "The state shall not be liable for the maintenance of such adjusted and reestablished approaches or driveways beyond the ditch or gutter line nor shall it be liable for damages in connection therewith after the comple-

tion of such adjustment work" does not exempt the State from liability for the channeling of water or the negligent construction of the driveway. The words "in connection therewith" refer to the "maintenance of such adjusted and reestablished approaches or driveways." If it was the legislative intent to depart from the general system of laws, emanating from the waiver of immunity from liability under section 8 of the Court of Claims Act, and to absolve the State from liability in connection with the construction of the driveway, that intention should have been clearly expressed (McKinney's Cons. Laws of N. Y., Book 1, Statutes, p. 245). Statutes should be construed reasonably and so as not to deprive citizens of important rights (*Matter of Pansa* v. *Damiano,* 14 N Y 2d 356, 360). Section 8 of the Court of Claims Act and section 54-a of the Highway Law should be read together (cf. *Miller* v. *State of New York,* 231 App. Div. 363, 368; *Pierce* v. *State of New York,* 41 N. Y. S. 2d 602). The injury producing cause was not the maintenance of the driveway but rather the channeling, the negligence in construction. Nor did the release dated September 28, 1957, which paraphrased language of section 54-a of the Highway Law, absolve the State from liability since it expressly reserved this claim therefrom. The fact that the release is dated less than a month after the date of filing of the claim is not fatal to the latter, since the driveway was part of the construction or reconstruction project of the highway — against which the claim was directed, section 54-a of the Highway Law referring to a situation "In the construction and reconstruction of any highway on the state's system" and the release, on a State form, having recited that the construction or reconstruction of said highway "may result in the destruction or partial destruction of the existing entrance or driveway to the private lands owned by the undersigned". The claim should not be dismissed but, because of insufficiency of proof as to damages, a new trial should be ordered.