■ WALTER LEGGE COMPANY, INC., Appellant, v CITY OF PEEKSKILL, Respondent, et al., Defendant. [619 NYS2d 771] —In an action to recover for damage to real property, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Burrows, J.), dated July 14, 1993, which, upon granting the motion of the City of Peekskill, pursuant to CPLR 4401, made after the close of the plaintiff's case, dismissed the complaint insofar as it is asserted against the City of Peekskill and severed the action as against the remaining defendant.

Ordered that the judgment is affirmed, with costs.

The court properly granted the motion of the City of Peekskill (hereinafter the City), pursuant to CPLR 4401, for judgment as a matter of law, made after the close of the plaintiff's case. The plaintiff failed to establish that the damage to its property was caused by the City's alleged failure to properly maintain its municipal water drainage system. The fact that a

natural waterway was used as part of the municipal drainage system did not, based on the evidence adduced at trial, establish any duty on the part of the City to take corrective action with respect to conditions situated entirely on the private lands of an adjoining property owner that allegedly caused the waterway to overflow (see, O'Donnell v City of Syracuse, 184 NY 1; McCutchen v Village of Peekskill, 167 Misc 460).

The damage to the plaintiff's property was caused by flooding when the waterway overflowed its banks on two separate occasions. On the first occasion, the overflow was caused by an accumulation of debris of unknown origin, at a dam situated on the adjoining property owner's land. On the second occasion, the dam on the adjoining property collapsed, and partially blocked a culvert also situated on the same property. As the court properly found, there was insufficient proof that the debris causing the first flood accumulated because of any negligence on the part of the City. Likewise, there was no evidence of any negligence on the part of the City that contributed to the collapse of the dam which caused the second flood. We therefore affirm the dismissal of the complaint insofar as it is asserted against the respondent. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.