Rachel A. Woolsey, Respondent, *v.* The Trustees of the Village of Ellenville, Appellant.

1. Evidence of Water on Sidewalk — Negligence of Authorities. Evidence that water had flowed over from a culvert upon a sidewalk for a long time prior to the accident is admissible in an action by one who fell upon ice formed on the sidewalk and was injured, in order to show negligence of the municipal authorities.

2. Map of Street as Evidence — Change in Street. An engineer's map of a street on which an accident occurred is not inadmissible because made some years afterward, where it does not appear that the condition of the street had been changed when the map was made.

*Woolsey* v. *Trustees of Ellenville*, 84 Hun, 236, affirmed.

(Argued March 23, 1898; decided April 19, 1898.)

Appeal from a judgment of the late General Term of the Supreme Court in the third judicial department, entered February 25, 1895, affirming a judgment in favor of plaintiff, entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Linson* for appellant. The learned trial judge erred in receiving testimony under exception, bearing on the construction of the gutter junction, as to its sufficiency or

insufficiency for the purpose for which it was designed.
(*Urquhart* v. *City of Ogdensburg*, 91 N. Y. 67; *Monk* v.
*Town of New Utrecht*, 104 N. Y. 552; *Watson* v. *City of
Kingston*, 114 N. Y. 88; *Garratt* v. *Trustees of Canan-
daigua*, 135 N. Y. 436; *Hines* v. *City of Lockport*, 50 N.
Y. 236; *Cook* v. *Milwaukee*, 24 Wis. 270; *Lansing* v. *Toolan*,
37 Mich. 152; L. 1868, ch. 615.)   The admission of testimony
as to the condition of the *locus in quo* after the occurrence of
the alleged accident and after material changes had taken
place in the surroundings was erroneous. (*Clapper* v. *Town
of Waterford*, 131 N. Y. 382; *Lane* v. *Town of Hancock*,
142 N. Y. 510.)   The foregoing errors imperatively demand
the reversal of this judgment. (*Worrall* v. *Parmlee*, 1 N.
Y. 519; *Williams* v. *Fitch*, 18 N. Y. 546; *Starbird* v. *Bar-
rons*, 43 N. Y. 200; *Baird* v. *Gillett*, 47 N. Y. 186; *Wilson*
v. *Wilson*, 4 Keyes, 413; *Osgood* v. *Manhattan Co.*, 3 Cow.
612; *Penfield* v. *Carpender*, 13 Johns. 350; *Strang* v. *White-
head*, 12 Wend. 64; *Anderson* v. *R.*, *W. & O. R. R. Co.*, 54
N. Y. 334; *O'Hagan* v. *Dillon*, 76 N. Y. 170.)   The case
should not have been submitted to the jury at all, because a
verdict against the defendant must necessarily have been
founded on speculation and not on evidence. (*Searles* v. *M.
R. Co.*, 101 N. Y. 661; *Grant* v. *P. & N. Y. C. & R. R.
Co.*, 133 N. Y. 657; *Taylor* v. *City of Yonkers*, 105 N. Y.
202, 209; *Wall* v. *Jones*, 45 N. Y. S. R. 687; *McNally* v.
*City of Cohoes*, 127 N. Y. 350; *Pauley* v. *S. G. & L. Co.*,
131 N. Y. 100; *Weston* v. *City of Troy*, 139 N. Y. 281;
*Ayres* v. *Vil. of Hammondsport*, 130 N. Y. 665.)   The
motion for a nonsuit should have been granted.   There was
no proof that plaintiff's injuries were the result of her alleged
fall, nor were there any facts which permitted that inference.
(*Pauley* v. *S. G. & L. Co.*, 131 N. Y. 100; *Searles* v. *M. R.
Co.*, 101 N. Y. 661; *Grant* v. *P. & N. Y. C. & R. R. Co.*,
133 N. Y. 659; *Wall* v. *Jones*, 45 N. Y. S. R. 687.)

*John E. Van Etten* for respondent.   There is not a particle
of evidence in the case to show that after the plaintiff's injury

and in 1887 Cross street was widened so as to include the *locus in quo* at or near the dangerous sidewalk in question. The defendants did not pretend that they ever widened Cross street so as to include the situation at or near the dangerous sidewalk in question prior to 1891 or 1892, and that fact was proved on the cross-examination of their own witnesses. (*Johnston* v. *Jones*, 1 Black. [U. S.] 216; *Curtiss* v. *Ayrault*, 3 Hun, 487; *Archer* v. *N. Y., N. H. & H. R. R. Co.*, 106 N. Y. 590.) The dangerous condition of the sidewalk in question was not due to natural but artificial causes. (*Gillrie* v. *City of Lockport*, 122 N. Y. 403; *Bishop* v. *Vil. of Goshen*, 120 N. Y. 337; *Corbett* v. *City of Troy*, 53 Hun, 228; *McConnell* v. *Bostelmann*, 72 Hun, 238.) The jury have very properly found that the plaintiff's injuries were caused by her fall, and of this fact there is abundant evidence and the progressive development of her injuries accords with such cause. (*Keane* v. *Vil. of Waterford*, 130 N. Y. 188; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 278.)

HAIGHT, J. This action was brought to recover damages for injuries sustained by the plaintiff in falling upon the sidewalk on Canal street in the village of Ellenville. Canal street, at the point of the accident, descends about seven in one hundred feet. Cross street runs at right angles and intersects Canal street above the place of the accident. Along Cross street is a ditch, which collects the water upon the surface, which flows through a culvert in the sidewalk into Canal street.

The negligence charged against the defendant was that the trustees had permitted the throat of the culvert to become clogged, and that, in consequence, the water flowed over on to the sidewalk and froze, and that it was upon the ice so formed that the plaintiff fell.

It is contended, on behalf of the appellants, that the plaintiff also claimed the right to recover upon the ground that the throat of the culvert was insufficient in size, as originally constructed, to carry off the water that accumulated in the ditch. Much evidence was given tending to show that the

water flowed from the ditch in Cross street over upon the sidewalk. This evidence was objected to and was admitted under the exceptions taken by the appellants' counsel. Our examination, however, fails to show the admission of any evidence establishing that the flow of the water was retarded in consequence of an insufficient throat in the original construction of the culvert. It was entirely competent and proper for the plaintiff to show that the water flowed over upon the sidewalk, and that it had done so for a long time prior to the accident. It was entirely proper for him to show that this was owing to the clogging up of the throat of the culvert. We consequently are of the opinion that no error was committed in the admission of the testimony referred to.

The trial judge did submit the question to the jury as to whether the sluiceway, as he called it, was sufficient, but to this there was no exception taken ; consequently, there was no error committed upon which we can reverse.

It is claimed on behalf of the appellants that the court erred in receiving in evidence the map of the engineer, made some years after the accident. Evidence was subsequently given tending to show that Cross street had been widened after the accident, and that the gutter was constructed some feet southerly from the place where it formerly existed ; so that, when the water flowing therein reached the sidewalk, it had to turn westerly up the grade in order to flow through the culvert. But these facts did not appear at the time the engineer gave his evidence with reference to the map and its reception in evidence. It follows that there was no error in the admission of the evidence. The motion made to strike out the evidence after it was received was discretionary with the court. The defendant should have requested the court to instruct the jury that the evidence should be disregarded.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.