In the Matter of the Application of JOSEPH H. STANFORD, Petitioner, for a Mandamus Order against GEORGE J. SUMMERS, as Commissioner of Public Works, and Others, Respondents.

Supreme Court, Erie County, January 7, 1936.

*Gilbert J. Pedersen* [*Philip Halpern* of counsel], for the petitioner.

*Gregory U. Harmon, Corporation Counsel* [*John E. Livermore* of counsel], for the respondents.

HINKLEY, J. Petitioner, by his petition, amended by leave of this court, as affirmed by the Appellate Division (Nov. 25, 1935, 246 App. Div. 684), seeks a peremptory order of mandamus. There are no disputed questions of material fact calling for the issuance of an alternative order of mandamus. Petitioner asks that he be reinstated in his former position as meter repairer in the division of water of the department of public works of the city of Buffalo, together with additional relief as to compensation.

The question at issue has been clearly presented to the court. Petitioner questions the legality of a local law which amended a section of the charter of the city of Buffalo and which, prior to such amendment, protected persons such as petitioner in the non-competitive class of the civil service from removal save after trial upon charges as provided for in that section.

Prior to 1930, section 444 of the city charter of the city of Buffalo (Local Laws of 1927, No. 4, published in Local Laws of 1932, p. 21) provided as follows:

" § 444. Removal of employees. No employee of the city holding a position in the classified civil service subject to competitive or qualifying examination, shall be removed from such position, except for incompetency, misconduct or insubordination shown after hearing, upon written charges and the burden of proof shall be upon the accuser. The trial of the charges shall be had before a board consisting of the mayor, the comptroller and the president of the council. A copy of the charges shall be served upon the accused employee, who shall be accorded a reasonable time in which to prepare for the hearing and who shall be entitled to be heard in person and by counsel and to furnish evidence in his behalf. The determination of the board shall be.final. Nothing herein contained shall be deemed to apply to any employee who has been separated from the service through the abolition in good faith of his position by the appointing power."

The common council by Local Law No. 2 (1930), effective July 8, 1930, amended that section by deleting therefrom the words " or qualifying." That deprived those persons in the non-competitive class, including petitioner, of the protection against removal without trial of charges as contained in that section. The Court

of Appeals in the case of *Matter of Merriweather* v. *Roberts* (268 N. Y. 12) determined, after the filing of the original petition herein, that the protection of section 25 of the State Civil Service Law did not apply to non-competitive positions. The amended petition herein sets forth the following new claim for order of mandamus: Petitioner herein contends that the procedure by which the amending local law was passed was not in conformity with the procedural provisions of the City Home Rule Law (Laws of 1924, chap. 363), which petitioner claims are controlling. Specifically, petitioner contends that no initial local law was ever passed as required by section 13 of the City Home Rule Law determining the minimum and maximum length of the notice of public hearing before the mayor as a condition precedent to the passage of future local laws.

The fact is not disputed that the common council did not follow the procedure set forth in the City Home Rule Law with regard to notice, but the mayor followed the procedure in that regard as provided by section 67 of the charter itself.

There are thus two methods of procedure with which we are concerned.

Section 38 of the city charter vests in the mayor of the city of Buffalo veto power. That brings the city of Buffalo within the following quoted portion of section 13 of the City Home Rule Law as amended: " In every other city [that is any city in which a veto power is vested in the mayor] no such local law shall be approved by the mayor until a public hearing thereon has been held before the mayor. Notice of the public hearing shall be given by the mayor within ten days after the local law shall have been presented to him. Such public hearings shall be on such public notice as may be prescribed by local law on which a hearing shall have been held as prescribed by this section, upon five days' notice."

This section (section 13 of the City Home Rule Law) outlines the procedure as follows: Notice of five days shall be given of a public hearing upon an initial local law. That local law shall prescribe the notice essential for future public hearings before the mayor upon all future laws. There is no direction or form or length prescribed or defined for the notice to be prescribed by the latter law. That form of procedure was not employed in this instance, and if controlling, then the local law involved herein, and all other local laws adopted by the city of Buffalo by a similar form of procedure since the enactment of the present charter as enacted are invalid.

The other method of procedure for the adoption of local laws is contained in the charter itself. Subdivision 2 of section 20 of the City Home Rule Law provides for the enactment of a new

charter in a city having a commission form of government. The government of the city of Buffalo was at that time functioning under a commission form. In accordance with that subdivision of that section a local law was enacted and a charter which was prepared by a charter commission was approved by a vote of the electors of the city of Buffalo at a special election held August 29, 1927. That the charter is a local law is certain (section 20, subdivision 3, of the City Home Rule Law; section 1 of the city charter). That local law known as the charter of the city of Buffalo contained the following provision:

" § 67. Public hearing on local laws. No local law shall be approved by the mayor until a public hearing has been had thereon before the mayor after the publishing of a notice of such hearing once in one or more daily newspapers published in the city designated by the mayor. The mayor shall fix the time and place of the hearing, and the notice shall specify such time and place and shall contain a copy of such local law and shall be prepared and published by the city clerk at least five days before the hearing."

Thus under the City Home Rule Law, section 13, we have a form of procedure calling for five days' notice of a public hearing upon a proposed initial local law fixing the terms of public notice for public hearings before the mayor upon all future local laws.

Likewise the City Home Rule Law, section 20, subdivision 2, authorized the adoption by the city of Buffalo of a local law known as a charter. Public notice of that local law was required under section 81 of the Election Law. Every qualified voter was given an opportunity to approve or disapprove of that local law. The Legislature, by virtue of section 20, subdivision 3, of the City Home Rule Law, provided that that local law might " contain such provisions or effect such results as may be made or effected by local law under the provisions " of the City Home Rule Law. The charter did contain a provision (§ 67, *supra*) which effected the same results as would have been accomplished had the procedure set forth in section 13 of the City Home Rule Law been carried out and had the local legislative body enacted a local law prescribing terms of the notice. Under our democratic form of government a public hearing is, when required by statute, an inalienable right, and a minimum of five days' notice is a reasonable requirement which fully protects that right. That a minimum length of a notice is considered sufficient protection may be found most frequently in the statutes, particularly in regard to court procedure and practice. The City Home Rule Law implies that the fixing of the terms of the notice of public hearings before the mayor shall be by local law adopted by the common council. The charter gives to the mayor

that right. The contention that the mayor might abuse the privilege overlooks the fact that the purpose of public hearing is to enlighten the mayor as to the views of private individuals and groups, and that in the final analysis the mayor has the power to disregard any and all views so expressed at such public hearing.

The City Home Rule Law by its own direction (§ 31) is to be liberally construed. The vote of the people by referendum has accomplished the same result as though the terms of notice of public hearings had been prescribed by the local legislative body. The right of a suppliant to petition the king was recognized in ancient days. At the birth of this nation, and still in small communities, the individual could and can come close to the seat of the government in the country store around the cracker barrel. Today science has brought the voice of not only the chief executive of the nation but that of many officers in all stations of the government into the home of any one equipped with a radio who desires to tune in, but the right of the private individual to reach the ear of those who make the laws can only be preserved by keeping intact the sacred right of public hearings. That right to be heard at a public hearing before the mayor has been preserved in the case of local laws by section 67 of the charter of the city of Buffalo. By that enactment there has been prescribed the detail of the manner in which notice of public hearings on local laws shall be given. The charter contains a provision that effects a result which might have been made or effected by local law under the provisions of the City Home Rule Law. That provision of the charter having been followed, the local law called into question herein must be held to be valid.

Motion for peremptory order of mandamus denied.