In the Matter of the Application of JOSEPH H. STANFORD, Appellant, for a Mandamus Order against GEORGE J. SUMMERS, as Commissioner of Public Works of the City of Buffalo, and Another, Respondents, and Others, Defendants.*

Fourth Department, May 27, 1936.

*Affg. 157 Misc. 698.

*Philip Halpern* [*Gilbert J. Pedersen* with him on the brief], for the appellant.

*Gregory U. Harmon, Corporation Counsel* [*John E. Livermore* of counsel], for the respondents.

PER CURIAM: Section 20, subdivision 3, of the City Home Rule Law — as well as section 13 of the same law — is a general law passed by the Legislature. It provides that " The proposed charter may contain such provisions or effect such results as may be made or effected by local law under the provisions of this chapter." We construe this as validating section 67 of the Buffalo Charter (Local Law No. 4, Buffalo Local Laws of 1927, published in Local Laws of 1932) as a substitute for section 13 of the City Home Rule Law with respect to notice whenever a local law amending the charter is enacted. It is of interest to note that a great number of such local laws of material importance have been enacted and are in operation pursuant to the course of procedure prescribed in section 67.

All concur, except SEARS, P. J., and EDGCOMB, J., who dissent and vote for reversal in a memorandum. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

SEARS, P. J., and EDGCOMB, J. (dissenting). The petitioner, a meter repairer in the employ of the city of Buffalo, seeks by this proceeding reinstatement to his position on the ground that he was illegally removed from his position in the non-competitive class of the civil service because no charges were made against him and no trial on any charges had. His claim is that he was protected from summary discharge under section 444 of the Charter of the City of Buffalo, a section of a local law which became effective in 1927 as a result of a referendum, which provided as follows: " No employee of the city holding a position in the classified civil service subject to competitive or qualifying examination, shall be removed from such position, except for incompetency, misconduct or insubordination shown after hearing, upon written charges." His position in the civil service was concededly one subject to a qualifying examination. The respondents contend, however, that section 444 was amended

so as to eliminate the words "or qualifying" by a later local law of the city of Buffalo (No. 2 of 1930). If this later local law was enacted in accordance with the provisions of the City Home Rule Law (Laws of 1924, chap. 363), petitioner's claim for reinstatement must be dismissed for his position was not subject to competitive examination. Petitioner claims that the later local law was not enacted in accordance with section 13 of the City Home Rule Law which provides in relation to Buffalo as follows: "No such local law [that is, a local law adopted by the local legislative body of a city] shall be approved by the mayor until a public hearing thereon has been had before the mayor. Notice of the public hearing shall be given by the mayor within ten days after the local law shall have been presented to him. Such public hearings shall be on such public notice as may be prescribed by local law on which a hearing shall have been held as prescribed by this section upon five days' notice." (Laws of 1924, chap. 363, as amd. by Laws of 1928, chap. 672.) No local law of the city of Buffalo making provision for the public notice for the public hearing before the mayor has ever been enacted. We find no escape from the argument of the petitioner that Local Law No. 2 of 1930 was, therefore, not enacted in accordance with the enabling legislation, and is consequently without force. The respondents, however, contend that Local Law No. 2 of 1930 was validly enacted because the Buffalo Charter of 1927, adopted under the City Home Rule Law, section 20, subdivision 2, upon a referendum, contains a provision in section 67 that the mayor himself shall fix the time and place of the hearing on proposed local laws and that a notice of the hearing shall be published by the city clerk at least five days before the hearing. The respondents contend that this section of the charter of the city of Buffalo (itself enacted under the provisions of the City Home Rule Law) amends or supersedes section 13 of the City Home Rule Law and obviates the necessity of an initial local law, prescribing the character of the public notice of the hearing to be given by the mayor. The answer to this is that the City Home Rule Law is a statute implementing the constitutional home rule provision. The Constitution itself provides that the Legislature shall provide by general law for the carrying into effect of the provisions of section 3 of article 12. The Legislature having so provided, clearly the city itself cannot amend the legislative enactment, nor does the charter purport to supersede or amend any provision of section 13 of the City Home Rule Law. (*Bareham* v. *City of Rochester*, 246 N. Y. 140.) We reach the conclusion, therefore, that section 444 of the Buffalo Charter, effective 1927, has not been amended so as to eliminate the words "or qualifying" and that petitioner could not lawfully be dismissed from the service without written charges and a hearing.

Order affirmed, without costs.