ELIZABETH CRANDALL, Respondent, *v.* CITY OF AMSTERDAM, Appellant.

Third Department, April 27, 1938.

*Harry V. Borst, Corporation Counsel* [*Timothy F. Cohan* of counsel], for the appellant.

*Floyd J. Reinhart* [*Charles E. Hardies* of counsel], for the respondent.

RHODES, J.   While walking southerly on Church street in the city of Amsterdam, N. Y., in the morning of December 29, 1934, plaintiff slipped on an icy sidewalk and was injured.   The place of the injury was in front of a building in which a fire had occurred three days previously in the morning of the twenty-sixth day of December.   There was evidence that the fire lasted about an hour; that large quantities of water were used by the firemen and that it was a very cold morning and water from the fire hose ran onto the sidewalk at the scene of the accident and immediately froze; that the ice thus formed had remained in the same condition from the time of the fire until the accident and none of it had been removed; that it was rough, from one to two inches thick and extended the full width of the sidewalk; that the city at all times knew or was chargeable with knowledge of the conditions existing; that as plaintiff passed along the streets before her injury the walks were clear until she reached the place in question, where the ice was concealed by a slight covering of snow.

In behalf of the city it is argued that the negligence, if any, was that of members of the fire department performing a governmental function.   The work of the fire department in extinguishing the fire had ended before ten o'clock in the forenoon of December twenty-sixth; the duty remained upon the city, however, to take reasonable precautions to see that its streets were safe or to give proper warning of any dangerous conditions.

It is further urged for the city that it had no notice either actual or constructive of the alleged dangerous and unsafe condition of the sidewalk.

By section 48 of the charter of the city █ it is provided that no civil action shall be maintained against the city in consequence of any street being defective, unsafe or dangerous, unless written notice of the condition was actually given to the commissioner of public works, and a failure or neglect on his part within a reasonable time thereafter to repair or remove the defect or danger, " Or, in the absence of such notice, unless it appears that such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence. But no such action shall be maintained for damages or injuries to the person sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk or street, unless written notice thereof, relating to the particular place, was actually given to the Commissioner of Public Works and there was a failure or neglect to cause such snow or ice to be removed, or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice."

It seems clear that the foregoing statutory provision relative to actual notice to the commissioner of public works as to the existence of snow or ice upon any sidewalk has no application to a situation such as presented here. The facts before us disclose that the icy condition was created by city employees, and even if created in the performance of a governmental function, it cannot be said that the city had no knowledge of what was done. This being so, it was for the jury to say whether or not the city failed in its duty to exercise reasonable care to remedy the condition, and the court submitted that question to the jury. (See *Taylor* v. *City of Albany*, 239 App. Div. 217; affd., 264 N. Y. 539.)

The other points raised by appellant do not require discussion.

The judgment and order should be affirmed, with costs.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Judgment and order affirmed, with costs.