In the Matter of the Application of JOHN R. PILLION, Petitioner, for an Order against JEROME MAGEE, as Auditor of the City of Lackawanna, and Others, Respondents.

Supreme Court, Erie County, February 1, 1941.

*John R. Pillion*, in person.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Daniel J. Kenefick* of counsel], for the petitioner.

*Edward C. Sobolewski*, for the respondents.

GOLD, J. This proceeding, under article 78 of the Civil Practice Act, is brought to compel the respondents, in their official capacities as officers of the city of Lackawanna, to audit, certify, approve and pay the salary of the petitioner as tax attorney from May 29, 1940, at the rate of $4,500 per annum.

Local Law No. 1 of 1939, passed on January 20, 1939, created the department of tax foreclosure and real estate, and, among

other things, provided that the head of the department should be the tax attorney who was to be appointed by the mayor.

By resolution of the common council, dated February 1, 1939, which was duly approved, the salary of the tax attorney was fixed at $4,500 per year. On the same day the mayor appointed the petitioner herein as tax attorney.

He thereupon qualified and assumed the duties of the office. Up to and including May 29, 1940, petitioner has been paid a salary of $4,500 per year.

At a special meeting of the common council, on April 30, 1940, Local Law No. 7 was read by the clerk. By its terms it purports to repeal Local Law No. 1 of 1939, and to abolish the department of tax foreclosure and real estate, together with all offices and positions incident thereto.

On May 9, 1940, the common council, at an adjourned meeting, passed Local Law No. 7 by a vote of three to one, the mayor not voting. The law was thereafter presented to the mayor and on May 19, 1940, he disapproved the same and returned it to the clerk of the common council with his objections thereto in writing.

No public hearing on this law was called or held, either before the common council or before the mayor.

On May 22, 1940, at a special meeting of the common council, Local Law No. 7 was reconsidered and repassed over the mayor's veto by a vote of three to one, the mayor not voting.

By reason of such action, the respondents have refused since May 29, 1940, to audit, certify, approve and pay petitioner's salary as tax attorney.

Petitioner claims that Local Law No. 7 was not validly enacted due to the failure of the common council and of the mayor to comply with certain requirements of the City Home Rule Law pursuant to which this legislation was passed.

These requirements are as follows:

(1) The law was not introduced by motion or resolution of the council at the meeting of April 30, 1940, and was not laid on the desks of the members in its final form at least seven days, exclusive of Sunday, prior to its final passage as provided for by subdivision 4 of section 13 of the City Home Rule Law.

(2) No public hearing was called or held by the mayor on the law as required by subdivision 5 of section 13 of the City Home Rule Law.

(3) Local Law No. 7, with the mayor's objections in writing thereto, was not presented by the clerk to the common council at its next regular meeting after the mayor's disapproval of the same as required by section 14 of the City Home Rule Law.

I find that the above requirements of the City Home Rule Law were not carried out.

To validate local legislation it must be passed in accordance with the procedural requirements of the City Home Rule Law. (*McCabe* v. *Voorhis*, 243 N. Y. 401.)

In a city where the mayor has no veto power, section 13 of the City Home Rule Law requires the local legislative body to hold a public hearing before any local law is enacted. This requirement but emphasizes the legislative intent that the public shall have an opportunity to express their views before the proposed legislation becomes a law. (*Matter of Stanford* v. *Summers*, 157 Misc. 698; affd., 247 App. Div. 627.)

The prayer of petitioner is, therefore, granted.

Let an order be entered accordingly.