Per Curiam.

Appeals by plaintiffs, husband and wife, from judgments of nonsuit granted at a trial term of the Greene County Supreme Court (Alexander, J.) which dismissed the complaints at the close of their evidence. The plaintiff wife brought an action to recover damages for injuries which she received, according to her complaint, through the negligence of the Village of Coxsackie and the respondent, The New York Central Bailroad Company, in connection with the drainage of water and the cleaning and care of a sidewalk adjacent to a roadway at an underpass over which the tracks of the respondent railroad passed on Mansion Street. The husband’s action was *17 for medical care and loss of services and consortium. At the beginning of the trial, plaintiffs’ counsel consented'that the actions be dismissed as against the village upon the ground that there had not been a timely filing of the claim as prescribed by statute.
She fell on the sidewalk near a stairway .about thirty-two feet westerly from the west side of the railroad bridge on the southerly side of the underpass. It appears from the evidence that the sidewalk was built on an ascending grade from a point underneath the bridge to the stairway. The difference in elevation was not proven. The railroad bridge was supported by steel pillars, one on the westerly side south of the curb line of the street. To this a drain pipe was attached to conduct water from the bridge. From the oral evidence and the photographic exhibits it appears that the drain pipe had rusted through and that water spilled over and ran down the outside upon the sidewalk and created an icy and dangerous condition westerly to the stairs. There was an issue of fact as to respondent’s negligence which should have been submitted to the jury. (Taylor v. City of Albany, 239 App. Div. 217, affd. 264 N. Y. 539; Klepper v. Seymour House Corp., 246 N. Y. 85.)
Judgment reversed on the law and facts and new trials ordered, with a single bill of costs to appellants to abide the event.