Foster, J.
(dissenting). On the undisputed facts as developed by the plaintiff, and viewing these facts in a light most favorable to her, I fail to find any basis for liability against the defendant railroad company. The railroad bridge, or overhead crossing, which carried the tracks of the defendant, was constructed by virtue of the G-r'ade Crossing Elimination Act (L. 1928, ch. 678 as amd.), and section 93 of the Railroad Law, under plans and specifications apprdved by the Public Service Commission, and the work itself upon completion was approved by the latter body. In accordance with the plans the bridge and its supports were required to be maintained by the railroad company, the subway and its approaches by the State Department of Public Works, and the sidewalks in the subway and on the approaches by the Village of Coxsackie. Section 93 of the Railroad Law also provides that when a highway passes under a railroad, the bridge and its abutments shall be maintained and kept in repair by the railroad corporation, and the subway and its approaches shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same ,are situated.
i
*18 Thus no duty rested on the defendant railroad company to maintain any part of the highway and sidewalks under the bridge or on the approaches thereto. The duty of maintaining these arteries of travel rested on the State and the Village of Coxsackie, and the maintenance thereof included keeping in proper repair any drains or catch basins that had been constructed for the purpose of draining off surface water. That such drainage outlets would be necessary is obvious from the construction of the underpass. The railroad crosses a cut, and there are embankments of earth on each side of the highways and sidewalks. Bain or melting snow would naturally fall from the bridge structure to these paths of travel. There is no other place for it to go, as plaintiffs’ photographs plainly indicate, and the only feasible way of taking care of such surface waters is to drain them off by means of catch basins and drain pipes on the highway and sidewalks below. Over these the defendant railroad company had no dominion. The responsibility for their maintenance was that of the State or the village. This situation, into which the railroad company was forced by the mandate of the statute, does not call for the application of the doctrine that one is liable for artificially collecting surface waters and discharging them upon a public street. Here the defendant had no choice. The very construction which it was obliged to adopt rendered it certain that surface waters, whether collected artificially or not, were bound to fall on the highway and sidewalks below. There is quite a distinction between this condition and the facts of Taylor v. City of Albany (239 App. Div. 217, affd. 264 N. Y. 539). In view of all this the defendant railroad company should not be held liable for ice collecting in the underpass where the drainage facilities were solely under the control of the State or the Village of Coxsackie, and the duty to clean the highway and sidewalks rested also on those agencies.
But above and beyond all this the plaintiff wife did not fall under the crossing. She fell at a point on the southerly sidewalk nearly thirty-two feet west of the nearest part of the overhead bridge, and approximately seventeen feet from the nearest part of the retaining wall on the south side. Concededly the highway and southerly sidewalk descend from the former street level to a low point under the bridge. The engineer called by the plaintiff did not know the grade or depth of this descent, but that it is considerable may be seen from the photographs placed in evidence. Surface waters, discharged from the bridge structure, to freeze at the point where plaintiff fell would have' to run Up hill, or else back up from a deep pool collected along *19 and under the center line of the bridge, which is the lowest point of the subway. The first contingency is of course preposterous, and the second, in view of the ocular proof as to the depth of the depression, presents an unreasonable and extravagant assumption.
By reason of the foregoing plaintiff failed^ in my opinion, to present a prima facie case against the defendant, and the judgment of nonsuit was proper and should be affirmed.
Hill, P. J., Heffernan, Brewster and Bussell, JJ., concur in Per Curiam opinion; Foster, J., dissents, in a memorandum.
Judgment reversed on the law and facts and new trials ordered, with a single bill of costs to appellants to abide the event. [See post, p. 843.]