JAMES J. MILLER, Plaintiff, *v.* CITY OF LITTLE FALLS, Defendant.

Supreme Court, Special Term, Herkimer County, February 25, 1955.

*John J. Zoller* for defendant.

*George G. Fiesinger* for plaintiff.

PETERSON, J. Motion is made herein to dismiss the plaintiff's complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The action is brought to recover for personal injuries alleged to have been sustained by plaintiff as the result of an alleged fall by the plaintiff on the sidewalk on the southerly side of Southern Avenue in the city of Little Falls on December 16, 1953, which fall, it is alleged, was caused by the negligence of the defendant.

Section 180 of the City Charter of Little Falls provides in part as follows: " § 180. *Limitations of actions against the city for negligence.* The city of Little Falls shall not be liable for the damage or injury sustained by any person in consequence of any highway, street, sidewalk or crosswalk in said city being out of repair, defective, unsafe, or dangerous or obstructed by snow, ice or otherwise, *unless actual notice of the defective, unsafe, dangerous or obstructed condition of said highway, street, sidewalk or*

*crosswalk shall have been given to the mayor or the board of public works, at least forty-eight hours previous to such damage or injury.''* (Underscoring mine.)

The plaintiff's complaint in the present case fails to allege the giving of any '' actual notice '' of the defective, unsafe or dangerous condition, but instead alleges in paragraph numbered six as follows: '' That the said hazardous and unsafe condition had existed for such a long time prior to December 16, 1953, that the defendant knew or should have known in the exercise of reasonable care and inspection that the said hazardous and unsafe condition existed.''

Under the charter provisions the giving of such actual notice of the defective, unsafe or dangerous condition is an essential part of the plaintiff's cause of action, and a condition precedent to its maintenance and must be alleged in the complaint. (*Golden* v. *City of Rome,* 277 App. Div. 832; *MacMullen* v. *City of Middletown,* 187 N. Y. 37; *Ellis* v. *City of Geneva,* 259 App. Div. 502.)

The complaint being deficient in this respect, the motion to dismiss the complaint should be granted.

Order may be entered accordingly.