Fbaítk Del Vecchio, J.
This is a motion under rule 106 to dismiss the complaint against the City of Oswego upon the ground that it does not state facts sufficient to constitute a cause of action.
The actions arise out of an accident in which injuries are alleged to have been sustained by the plaintiff Margaret Ruggio when the automobile which she was driving overturned after running into a gutter which extended along the northerly side of Munn Street in the city of Oswego. Paragraph “ Twelfth ” of the complaint alleges: ‘ ‘ That said accidents and injuries and sickness so sustained were caused solely by the carelessness and negligence of the Defendant, City of Oswego, its employees, servants and agents, in that they failed to maintain said Munn Street, at the time and place herein stated, in a careful, prudent and proper manner; in that said Munn Street was maintained in a dangerous, careless and faulty manner; in that the servants, employees and agents of the Defendant, City of Oswego, in removing the snow from the center of said street, had thrown the snow into the said gutter, thereby concealing the gutter and making it appear that the said Munn Street was safe and passable over its entire width for motorists and pedestrians using the same; and in that the Defendant failed to post and maintain proper and adequate warning signs or other devices to apprise the general public of the dangerous condition so created and existing in said Munn Street at the place where said accidents occurred. ’ ’
The motion to dismiss the complaint is upon the ground that it does not allege written notice to the city prior to the date of the accident of the dangerous condition existing in Munn *31 Street, as required by section 322 of the Charter of the City of Oswego.
There is no question but that a municipality may by its charter or local laws make prior written notice of a dangerous condition a condition precedent to a civil action for damages arising from personal injuries. (Fullerton v. City of Schenectady, 309 N. Y. 701.) A complaint which lacks allegations of such notice is subject to a motion to dismiss for failure to state a cause of action. (MacMullen v. City of Middletown, 187 N. Y. 37.)
It is a well-established exception to that rule, however, that where a complaint alleges that the dangerous condition was caused by the servants or employees of the city, it is not necessary to plead compliance with the statute requiring prior notice to the municipality. (Wilson v. City of Troy, 135 N. Y. 96; Crandall v. City of Amsterdam, 254 App. Div. 39; Taylor v. City of Albany, 239 App. Div. 217, affd. 264 N. Y. 539; Minton v. City of Syracuse, 172 App. Div. 39.)
The complaint in the case at bar is sufficient to bring it within the exception last stated. In addition to the ordinary claim of negligent maintenance of Munn Street by defendant city, the pleading alleges active negligence creating a dangerous condition in that “ in removing the snow from the center of the said street, [defendant] had thrown the snow into the said gutter, thereby concealing the gutter and making it appear that the said Munn Street was safe and passable over its entire width for motorists and pedestrians using the same. ’ ’
The allegation last quoted distinguishes this case from those relied on by defendant, which involved injuries resulting from failure by a municipality to repair or remove a defect or dangerous condition in a public way, for the creation of which the city was not responsible.
The motion to dismiss the complaint is denied.
Order accordingly.