Michael J. Montesano, J.
On January 17, 1955 the Common Council of the City of Lockport adopted Local Law No. 1, amending the Lockport City Charter to provide that: “No civil action shall be maintained for damages to person or property sustained in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, bridge, culvert, or public building, or in consequence of any obstruction, danger, *549 or defect whatsoever in or upon any sidewalk, crosswalk, street, bridge, culvert, or public building, or any other city property, unless written notice thereof, relating to the particular nature of such danger, obstruction, or defect, and the particular location of said danger, obstruction, or defect was actually presented in writing to the City Clerk and there was a failure or neglect to cause such snow or ice to be removed, or the said danger, obstruction, or defect to be removed or corrected within a reasonable time after the receipt of such notice.” It became effective January 25, 1955. On February 8, following the effective date, Myrtle Richardson, one of the plaintiffs herein, alleges that she sustained severe and permanent injuries while walking on the sidewalk situated in front of the Lockport City Hospital, caused wholly and solely by the negligence “ of the defendant City of Lockport in permitting and maintaining a dangerous sidewalk ”.
In an action against the defendant to recover for the injuries allegedly sustained, the final amended complaint served on the defendant fails to allege that the defendant city was served or given written notice, prior to the accident, of the claimed defective condition of the sidewalk. The defendant moves to dismiss the complaint on the ground that it fails to set forth facts sufficient to constitute a cause of action. It contends that a condition precedent to maintaining such an action is compliance with this local law relating to the service of a written notice to the city clerk prior to the date of the accident, informing the municipality of the existence of the obstruction, danger or defect.
The plaintiffs attack its constitutionality and urge that the local law requiring such prior written notice was invalidly adopted and is ineffective for failure to comply with the procedural requirements set forth in subdivisions 4 and 5 of section 13 of the City Home Rule Law.
The essence of the amendment related to the liability of the city when thereafter actions were instituted against it for damages. A notice was published in a local newspaper of a ‘‘ Public Hearing * * * To Amend the Charter of the City of Lockport in Relation to Claims and Actions against the City for Damages ”. This notice was sufficient to apprise those who might be affected by this local law, of its nature and purpose, and I therefore hold that the procedural requirements have been met.
The notice in Village of Sands Point v. Sands Point Country Pay School (2 Misc 2d 885, 889) which read “ ‘ application and permits and permit fees ’ ” clearly was not sufficient to adequately notify the interested public of the proposed amend *550 ment to the zoning law of that village. Matter of Pillion v. Magee (175 Misc. 698); Matter of Palmer v. Mann (206 App. Div. 484, affd. 237 N. Y. 616) and the other eases cited in plaintiff’s brief state the general rule concerning notice of hearing and other procedural requirements but otherwise do not apply to the facts herein.
The plaintiffs urge that since the defendant was the owner of the premises abutting the defective sidewalk, its position is no different than any other owner of property. This is a correct statement of the law insofar as it states the rule of a liability in negligence and nuisance applicable to individual property owners and municipalities (Michaels v. City of New York, 231 App. Div. 455, 457). It has no applicability to the question raised on this motion attacking the sufficiency of the complaint for failure to allege the giving of written notice as required by the Lockport City Charter as amended by Local Law No. 1. True it is that this amendment to the city charter creates a new rule and might deprive citizens of a substantial right and in a large measure greatly limit, if not practically abolish, a municipality’s tort liability. Nonetheless, the City Home Buie Law permits such changes and our courts have consistently found them valid and constitutional. (See Fullerton v. City of Schenectady, 285 App. Div. 545, affd. 309 N. Y. 701; Ellis v. City of Geneva, 259 App. Div. 502, affd. 288 N. Y. 478; County Securities v. Seacord, 278 N. Y. 34, 37; Cummings v. City of Norwich, 286 App. Div. 612; Miller v. City of Little Falls, 207 Misc. 1038.)
In recent years many municipalities have adopted similar local laws. The rule is a harsh one and undoubtedly, in many instances, it has and will result in hardship to many who otherwise could recover against a municipality. It is unfortunate for the plaintiffs that the local law in question provides for written notice and not merely “ actual notice ” as in Crandall v. City of Amsterdam (254 App. Div. 39, affd. 280 N. Y. 527) in which case I should give leave to amend the complaint rather than to dismiss it (Cummings v. City of Norwich, 286 App. Div. 612, 617, supra).
Lacking an allegation in the complaint charging the defendant with receipt of written notice of the defective and dangerous condition, prior to the accident, which it is claimed caused the injuries, a necessary and essential part of the plaintiffs’ cause of action, I am constrained to grant defendant’s motion and the complaint must therefore be dismissed.
Submit order.