Henry A. Hudson, J.
This is a motion pursuant to rule 106 of the Buies of Civil Practice to dismiss the complaint upon the ground that it fails to allege facts sufficient to constitute a cause of action.
The action was brought to recover for injuries which the plaintiff alleges were sustained when he was caused to fall over an obstruction (an iron pipe commonly known as a shutoff water pipe) located in and extending above the sidewalk in front of premises, 468 Court Street in the city of Water-town, New York.
The plaintiff alleges that the pipe was negligently constructed, erected and maintained by the city and that such condition was unguarded, uncovered, without barrier and without warning to prevent users of the sidewalk from striking, falling or tripping over it. He further alleges that the defendant city, its agents, employees and servants through their carelessness and negligence had allowed the cement pavement surrounding the said pipe to become broken and chipped so as to permit an even greater portion of the pipe to be exposed.
The motion to dismiss is made upon the ground that section 231 of the Charter of the City of Watertown (as amd. by Local Laws, 1954, No. 1 of City of Watertown) requires service of a written notice of any defective condition. The applicable portion of subdivision 1 of Local Law No. 1 of 1954 reads as follows: “Section 1. No civil action shall be maintained against the city of Watertown for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk, crosswalk or public building being defective, out of repair, unsafe, dangerous or obstructed unless at least forty-eight hours previous to the occurrence resulting in such damages or injury written notice of the defective, unsafe, dangerous or obstructed condition of said street, highway, bridge, culvert, sidewalk, crosswalk, or public building was actually given to the city clerk or city manager, and there was a failure or neglect within a reasonable time after the receipt of such written notice to repair or remove the defect, danger or obstruction complained of.” The *404 defendant urges that compliance with this provision is a condition precedent to the bringing of any action for injuries sustained as a result of any dangerous or defective condition. The complaint does not allege the giving of any notice to the city.
Where the injury results from an alleged dangerous or defective condition of a sidewalk, the general rule is well established that the statutory notice must be given to the city and the complaint must so allege. (Golden v. City of Rome, 277 App. Div. 832.) When the dangerous or hazardous condition is alleged to have been caused by the city, its servants or employees it is generally considered to constitute an exception to the general rule and notice to the municipality is not required and need not be pleaded (Ruggio v. City of Oswego, 4 Misc 2d 29) wherein the court stated at page 31:
“ There is no question but that a municipality may by its charter or local laws make prior written notice of a dangerous condition a condition precedent to a civil action for damages arising from personal injuries. * * * A complaint which lacks allegations of such notice is subject to a motion to dismiss for failure to state a cause of action. * * *
“ It is a well-established exception to that rule, however, that where a complaint alleges that the dangerous condition was caused by the servants or employees of the city, it is not necessary to plead compliance with the statute requiring prior notice to the municipality.”
It is also well established that every fair intendment and inference must be given the complaint upon a motion of this nature. (Dyer v. Broadway Central Bank, 252 N. Y. 430, 432.)
If the allegations in the present complaint related solely to a condition of the sidewalk itself, I am of the opinion that the complaint would be defective under the above authorities and should be dismissed. However, in addition to the allegations relating to the sidewalk itself, the complaint further alleges that the injuries were caused by reason of the negligent construction and erection of a shut-off water pipe by the agents, servants and employees of the city in that the same was constructed so as to extend above the sidewalk and thereby, both as a part of the general condition of the sidewalk and in and of itself, constitutes a dangerous and negligent condition as a result of which it is alleged the plaintiff was injured. Whether or not the protruding pipe was so constructed by the city, its agents, servants and employees and as such, whether standing alone or as a part of the sidewalk, constituted a dangerous and hazardous obstruction, is, I believe a question *405 for the court and perhaps the jury at the time of trial. The dangerous condition of the pipe, whether alone or in its location in the sidewalk, is not, in my opinion, one of those circumstances covered by the provisions of Local Law, No. 1, 1954 requiring notice to the city and an allegation thereof in the complaint when it is alleged to have been created by the city, its agents, servants or employees.
Motion denied, with $10 costs. Submit order.