Howard T. Hogan, J.
Defendant County of Nassau moves to dismiss the complaint because of plaintiff’s failure to allege notice to it as required by subdivision e of section 12-4.0 of the Nassau County Administrative Code. The complaint alleges that plaintiff was injured when, walking along the sidewalk she came in contact with a tree which defendants permitted to be an encroachment on said sidewalk.
The aforesaid section of the code requires as a condition to the maintenance of such action, that the road be one laid out, designated, constructed, reconstructed or maintained as a *769 county road,'or constructed by the State and maintained by the county, ‘ ‘ unless such sidewalk, curb or gutter was constructed by the county ’ This condition is met by the allegations of the complaint that the defendants had complete ownership, maintenance and control of the road in question (par. “ Sixth”). If every fair intendment is given this allegation then one of the alternate conditions has been properly met.
The code imposes a further condition that written notice shall have been given prior to the accident to the commissioner of public works of Nassau County, of any defective, unsafe, dangerous or obstructed condition of such sidewalk. However, the complaint, again according it a broad and liberal interpretation, alleges that the defendant, by its affirmative act, created the hazardous condition, but it knowingly and negligently so designed the sidewalk as to make it dangerous to pedestrians.
The provision of the code is designed to afford the county a reasonable opportunity to correct a defective, unsafe or dangerous condition of a street which unknown to it, is brought about by agencies beyond its immediate control. It is not intended to absolve the county from responsibility for its own affirmative, active negligence in creating the condition. Under such circumstances, written notice is not required to have been given.
The motion to dismiss the complaint is accordingly denied.