John J. Walsh, J.
The complaint herein alleges that the defendant municipality operates, controls and manages the “ drainage of surface waters from Lorena Road ” in that city; that on January 21,1959, the surface waters collected on Lorena Road, backed up plaintiff’s driveway and into her residence “ by reason of inadequate and improper drain maintenance ”; and that the resulting damages ‘ ‘ were caused solely by the negligence of defendant, its servants, employees and/or agents and without any negligence on the part of the plaintiff contributing thereto ”.
Defendant City of Rome attacks the sufficiency of this complaint generally and specifically on the ground that there is no allegation therein that the plaintiff gave the City of Rome prior written notice of the alleged “ defect ” with an opportunity for the city to correct the situation prior to the incident in question as required by the Rome City Charter as a condition precedent to the service of the summons and complaint.
Section 176 of the Rome City Charter (L. 1921, ch. 679, as amd. by Local Laws, 1956, No. 4) reads as follows: “ 1. No civil action shall be maintained against the city of Rome for damages or injuries sustained by any person.in consequence of any street, bridge, highway, culvert, sidewalk or crosswalk *437 in said city being defective, out of repair, unsafe, dangerous or obstructed by reason of snow or ice thereon or otherwise being defective, out of repair, unsafe, dangerous or obstructed in any other way or manner, unless it shall be made to appear that written notice relating to the defective, unsafe, dangerous or obstructed condition was actually given to the city engineer or the city manager of said city at least twenty-four hours before such damage or injury and that there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of.”
Although the constitutionality of such an enactment has been sustained (Fullerton v. Cify of Schenectady, 285 App. Div. 545 [1955], affd. 309 N. Y. 701, appeal dismissed for want of a substantial Federal question 350 U. S. 980 [1956]), even the court which so decided stated: “I readily agree that local laws of the character involved here are in reality attempts to bar tort actions under the guise of a procedural requirement, and that they put upon many deserving litigants an impossible burden.5 ’ (285 App. Div. 545, '548, supra; see, also, 32 N. Y. U. L. Eev. 1482-1483, wherein appears the observation that New York ‘ ‘ courts are justifiably lacking in enthusiasm for this wholesale exemption of municipalities from tort liability.”)
This lack of enthusiasm has resulted in a number of cases in which complaints have been sustained in the absence of prior notice.
In Ruggio v. City of Oswego (4 Misc 2d 29, 31 [1955]) (where snow concealed a gutter) Mr. Justice Del Vecchio held: “ It is a well-established exception to that rule, however, that where a complaint alleges that the dangerous condition was caused by the servants or employees of the city, it is not necessary to plead compliance with the statute requiring prior notice to the municipality. (Wilson v. City of Troy, 135 N. Y. 96; Crandall v. City of Amsterdam, 254 App. Div. 39; Taylor v. City of Albany, 239 App. Div. 217, affd. 264 N. Y. 539; Minton v. City of Syracuse, 172 App. Div. 39.) ”
In Benson v. Town of Hempstead (4 Misc 2d 768 [1956]) the court held that the purpose of prior notice is to afford a political subdivision a reasonable opportunity to correct a defective, unsafe or dangerous condition of a street which unknowm to it, is brought about by agencies beyond its immediate control. It is not intended to absolve the political subdivision from responsibility for its own affirmative, active negligence in creating the condition. Under such circumstances, written notice is not required to have been given.
*438 See, also, Overdorf v. Village of Endicott (7 Misc 2d 883 [1957]) (defective sidewalk) where complaint alleged affirmative acts of negligence sufficient to raise an issue of fact as to whether the defendant village actually installed, constructed and created a hazard thus becoming a tort-feasor.
See, also, Richardson v. City of Lockport (3 A D 2d 812 [4th Dept., 1957] which modified 2 Misc 2d 548) (defective sidewalk) to permit an amended complaint clearly alleging “ active negligence ” in absence of prior notice.
See, also, Ellingsworth v. City of Watertown (7 Misc 2d 402) (construction of shut-off water pipe).
Irrespective of the question of prior notice, the defendant generally objects to the sufficiency of the- complaint as stating a cause of action.
The city is not liable for damage caused by the natural flow of surface water and this is true even if it results from the grading of a street. (Fox v. City of New Rochelle, 240 N. Y. 109; Cashin v. City of New Rochelle, 256 N. Y. 190.)
There is no duty on the city to furnish drainage for water naturally collected on the street adjacent to plaintiff’s property (Geiger v. City of New York, 141 N. Y. S. 2d 667).
Neither is the city liable for the construction of a sewer or drain which proves to be of insufficient capacity to carry off ordinary surface water, rainfalls and sewage. (Mills v. City of Brooklyn, 32 N. Y. 489; Stack v. City of New York, 134 Misc. 105.)
But, the City may not collect surface water and cast it in a large and substantially increased amount on the lands of an adjacent owner (Noonan v. City of Albany, 79 N. Y. 470; Fox v. City of New Rochelle, 240 N. Y. 109,112).
Thus, where the city has undertaken to provide sewers and drains, negligence in the performance of the subsequent duties of keeping them in good condition and repair renders the city liable for damages resulting therefrom. (McCarthy v. City of Syracuse, 46 N. Y. 194.) In that case, the court held (pp. 197-198): “Its duty to keep its sewers in repair, is not performed, by waiting to be notified by citizens that they are out of repair, and repairing them only when the attention of the officials is called to the damage they have occasioned by having become dilapidated or obstructed; but it involves the exercise of a reasonable degree of watchfulness in ascertaining their condition, from time to time, and preventing them from becoming dilapidated or obstructed. Where the obstruction or dilapidation is an ordinary result of the use of the -sewer, which ought to be anticipated and could be guarded against *439 by occasional examination and cleansing, the omission to make snch examinations and to keep the sewers clear, is a neglect of duty which renders the city liable.”
The complaint states a cause of action. Motion to dismiss is denied, without costs. Submit order.