Carl W. Peterson, J.
One of the defendants herein, the City of Little Falls, New York, has made this motion to dismiss the plaintiffs’ complaints on the ground that the complaints fail to state a cause of action. It appears from the complaint of the plaintiff, Edith Walroth, that she was injured by reason of an accumulation of snow and ice striking her person while she was lawfully walking upon Second Street in the City of Little Falls and that the snow and ice had accumulated upon the roof of a building owned by the Luries Little Falls Corporation, a defendant herein, and that the roof of the building encroached over and on the sidewalk on Second Street in the City of Little Falls.
The defendant. relies for its dismissal of the complaint on section 180 of the City Charter of the City of Little Falls, which was amended in 1957 by Local Law No. 3 of the Laws of 1957 and which reads as follows:
‘1 § 180. Limitations of actions against the city for negligence. The city of Little Falls shall not be liable for the damage or injury sustained by any person in consequence of any highway, street, sidewalk, crosswalk, bridge or culvert in said city being out of repair, defective, unsafe or dangerous or obstructed by snow, ice or otherwise unless it is made to appear that the written notice thereof relating to the particular time and place and condition of such highway, street, sidewalk, crosswalk, bridge or culvert was actually given to the mayor or the board of public *710 works at least forty-eight hours (48) previous to such damage or injury and that there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction of which the complaint is made.
“ All claims against the city for injuries on account of alleged negligence shall be presented to the common council in writing within ninety (90) days after said injury is received, describing the time, place, cause and extent of the injury, and giving the names of all persons present at the time so far as the same are known and also the nature and extent of the injury, verified by the oath of the claimant, if possible. A claim may be presented to the common council by filing it with the city clerk within ninety (90) days.
“ An omission to present such claim within ninety (90) days as above provided, shall be a bar to an action thereon against the city.
“No action shall be commenced against said city on such claim until after sixty (60) days from the presentment thereof, and no such action shall be commenced after the expiration of one (1) year from such injury.
“ § 2. If any clause, sentence, paragraph, section or part of this local law shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, section or part thereof directly involved in controversy in which such judgment shall have been rendered.” (L. 1895, ch. 565, as amd. by L. 1906, ch. 596; Local Laws, 1957, No. 3 of City of Little Falls.)
The defendant cites as precedent for dismissal of this complaint the decision of this particular court in Miller v. City of Little Falls (207 Misc. 1038). The case cited is distinguished from the case at bar in that the accident in that case was caused by an accumulation of snow and ice on the sidewalk, and under such conditions, actual notice was required to be given to the city prior to the accident. Such is not the case herein. In this case the accident was caused, as alleged in the complaint, by an accumulation of snow and ice on the roof of a building which encroached on the right of way and premises of the City of Little Falls known as Second Street. Under such conditions the statutory immunity given to the City of Little Falls by section 180, above referred to, is inapplicable. It will be noted that the section refers to ‘ ‘ highway, street, sidewalk, crosswalk, bridge or culvert ’ ’ and in no way refers to the encroachment overhanging the sidewalk which was the proximate competent cause of plaintiff’s injury by reason of accumulating snow and ice upon *711 said encroachment and having deposited the snow and ice upon plaintiff while she was lawfully using the public street.
While the court notes that the plaintiff has alleged in paragraph 3 of her complaint that the defendant city was charged with authority to control the streets and sidewalks of the city, the court regards such allegation as superfluous. The necessary factual allegations as to the liability of the City of Little Falls are contained in paragraphs 4, 5 and 6 of the plaintiff’s complaint and sufficiently charge the defendant, City of Little Falls, with negligence and nuisance arising out of negligence. (See Klepper v. Seymour House Corp., 246 N. Y. 85.)
The court holds as a matter of law that written notice of the defendant city of the condition which caused plaintiff’s injury is not required by the City Charter in order to state a cause of action against the defendant city.
The motion of the defendant, the City of Little Falls, is dismissed, with $10 costs.