■ NEWELL BOWN, Appellant, v. VILLAGE OF LYNBROOK et al., Respondents. — In a negligence action to recover damages for personal injury, plaintiff appeals from an order of the Supreme Court, Nassau County, dated October 11, 1963, which granted defendants' respective motions pursuant to rule 106 of the former Rules of Civil Practice, and which dismissed the second amended complaint (without leave to replead) on the ground that it fails to state facts sufficient to constitute a cause of action against either defendant. Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Brennan and Rabin, JJ., concur; Christ and Hopkins, JJ., dissent and vote to reverse the order dismissing the second amended complaint and to deny the defendants' motions, with the following memorandum: Plaintiff sues to recover damages for personal injury sustained as the result of a fall on snow and ice on a sidewalk. His second amended complaint alleges that the defendants, " did * * * while utilizing * * * snow removal equipment and machines attempt to remove or in fact did remove or partially remove certain accumulations of snow and ice from the street * * * and did in fact in the process of such snow removal or in the process of its attempt at such snow removal negligently,

carelessly, and recklessly cause and create ridges, mounds of snow and ice to accumulate over and upon the levels of the curbs and sidewalks of the street", thereby impeding the snow and ice on the sidewalks from melting and running off into the streets and sidewalks, and causing water to accumulate into pools on the surface of the sidewalk and to become slippery when frozen. The same complaint further alleges that the aforesaid acts of the defendants caused a nuisance and a dangerous trap on the sidewalk. In our opinion, as against a motion addressed to the pleading on its face, these allegations are sufficient to constitute claims of affirmative acts on the part of the defendants which negated the necessity to comply with the requirements of the prior written notice provisions of section 341-a of the Village Law or section 12–4.0-e of the Nassau County Administrative Code (*Crandall* v. *City of Amsterdam*, 254 App. Div. 39, affd. 280 N. Y. 527; *Cosgrove* v. *City of Newburgh*, 244 App. Div. 104, affd. 273 N. Y. 542; *Calkins* v. *City of Plattsburgh*, 11 A D 2d 153; *Boyle* v. *E. C. Holding Corp.*, 193 Misc. 204). Apart from the effect of the statutory provisions, the allegations state a cause of action (cf. *Howarth* v. *City of New York*, 294 N. Y. 721; *Waller* v. *City of New York*, 308 N. Y. 820; *Woolsey* v. *Trustees of Village of Ellenville*, 155 N. Y. 573; *Bishop* v. *Village of Goshen*, 120 N. Y. 337, 340–341). We think, too, that the place of the accident, i.e., " on the east sidewalk of the said Webster Street at or near its intersection with the said Whitehall Street", is adequately described (CPLR 3013). If a more specific location is desired, it may be obtained through a bill of particulars (CPLR 3043; cf. *Dusing* v. *Rosasco*, 31 Misc 2d 825; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3043.04, p. 30–591).